FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2020 JUL 15 AM 11: 55

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TITUS J. MILLER,

        Defendant.

4:19CR3126

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney and Steven A. Russell, Assistant United States Attorney, and defendant, Titus J. Miller, and David R. Stickman, counsel for defendant, as follows:

## I

## THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Counts I, II, III, IV and V of the Indictment. Counts I, II, III, IV, and V each charge a violation of Title 18, United States Code, Section 2251(a).

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

    1.    The United States will move to dismiss Counts VI and VII at the time of sentencing.

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that the offenses to which defendant is pleading guilty have the following elements:

    1.    That the Defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

1

2. At the time, the victim was a minor; and

3. That the Defendant knew or had reason to know that such visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means; or that the visual depiction was mailed or actually transported across state lines or in foreign commerce.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

On October 21, 2019, Special Agents in the Knoxville, Tennessee Field Office of the Federal Bureau of Investigation (FBI) executed a search warrant and arrested a subject in Alabama. The subject disclosed information that he had been exchanging images and videos of child pornography with an individual, later identified as the Defendant, via an internet based messaging application called Telegram, a means and facility of interstate and foreign commerce. Agents were provided access to the Alabama subject's phone and Telegram account. Upon reviewing chats within Telegram, agents saw that on October 15, 2019, Defendant transmitted a video to the Alabama subject depicting Miller engaging in sexually explicit conduct on a minor male victim under the age of 10. This video was later recovered from Defendant's phone during the course of a search warrant by the FBI and Lincoln Police Department on October 22, 2019, at Defendant's residence in Lincoln, Nebraska.

While accessing the Alabama subject's account, agents were able to covertly act as the Alabama subject and began communicating with Defendant. On October 22, 2019, Defendant sent the undercover FBI agent four videos depicting juvenile males under the age of 12 engaging in sexually explicit conduct. These videos were also recovered from Defendant's phone during the course of a search warrant by the FBI and Lincoln Police Department on October 22, 2019, at Defendant's residence in Lincoln, Nebraska.

Investigation determined that during the period of time referenced in Counts 1 through 5 of the Indictment, Defendant worked at Playful Painters Daycare, located in Lincoln, Nebraska. Defendant worked the nighttime shift and had a supervisory role at the daycare. The videos depicted in Counts 1 through 5 were produced at the daycare while the Defendant had custody, care and supervisory control over the minor victims. Each video was produced using a Samsung

Galaxy S9 smart phone and stored on a SanDisk media storage card. Both the Samsung smart phone and the SanDisk media storage card are materials which have been mailed, shipped and transported in and affecting interstate and foreign commerce. All of the videos were also stored in the Telegram internet based messaging application.

With respect to Count I of the Indictment, between August 20, 2019 and October 15, 2019, the Defendant employed, used, and coerced a minor, identified as "Victim 1", to engage in sexually explicit conduct. Victim 1 was 5 years old, and was sexually abused by Defendant in 8 videos during this period. Defendant had reason to believe that the videos would be transported through means and facilities of interstate and foreign commerce and used materials, namely the Samsung smart phone and SanDisk media storage card, which had been shipped and transported in and affecting interstate and foreign commerce.

With respect to Count II of the Indictment, between August 24, 2019 and September 12, 2019, the Defendant employed, used, and coerced a minor, identified as "Victim 2", to engage in sexually explicit conduct. Victim 2 was 6 years old, and was sexually abused by Defendant in 2 videos during this period. Defendant had reason to believe that the videos would be transported through means and facilities of interstate and foreign commerce and used materials, namely the Samsung smart phone and SanDisk media storage card, which had been shipped and transported in and affecting interstate and foreign commerce.

With respect to Count III of the Indictment, between August 17, 2019 and September 5, 2019, the Defendant employed, used, and coerced a minor, identified as "Victim 3", to engage in sexually explicit conduct. Victim 3 was 5 years old, and was sexually abused by Defendant in 2 videos during this period. Defendant had reason to believe that the videos would be transported through means and facilities of interstate and foreign commerce and used materials, namely the Samsung smart phone and SanDisk media storage card, which had been shipped and transported in and affecting interstate and foreign commerce.

With respect to Count IV of the Indictment, on or about September 11, 2019, the Defendant employed, used, and coerced a minor, identified as "Victim 4", to engage in sexually explicit conduct. Victim 4 was 6 years old, and was sexually abused by Defendant in 1 video during this period. Defendant had reason to believe that the video would be transported through means and facilities of interstate and foreign commerce and used materials, namely the Samsung

smart phone and SanDisk media storage card, which had been shipped and transported in and affecting interstate and foreign commerce.

With respect to Count V of the Indictment, on or about October 15, 2019, specifically September 16, 2019, the Defendant employed, used, and coerced a minor, identified as "Victim 5", to engage in sexually explicit conduct. Victim 5 was 4 years old, and was sexually abused by Defendant in 3 videos during this period. Defendant had reason to believe that the videos would be transported through means and facilities of interstate and foreign commerce and used materials, namely the Samsung smart phone and SanDisk media storage card, which had been shipped and transported in and affecting interstate and foreign commerce.

### III

### PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

    1. A maximum 30 years in prison; and a mandatory minimum of 15 years;

    2. A maximum $250,000 fine;

    3. A mandatory special assessment of $100 per count; plus an additional special assessment of $50,000 and an additional $5,000 special assessment pursuant to Title 18, United States Code, Section 3014; and

    4. A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

    5. Possible ineligibility for certain Federal benefits.

B. COUNT II. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

    1. A maximum 30 years in prison; and a mandatory minimum of 15 years;

    2. A maximum $250,000 fine;

    3. A mandatory special assessment of $100 per count; plus an additional special assessment of $50,000 and an additional $5,000 special assessment pursuant to Title 18, United States Code, Section 3014; and

    4.    A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

    5.    Possible ineligibility for certain Federal benefits.

C.    COUNT III. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

    1.    A maximum 30 years in prison; and a mandatory minimum of 15 years;

    2.    A maximum $250,000 fine;

    3.    A mandatory special assessment of $100 per count; plus an additional special assessment of $50,000 and an additional $5,000 special assessment pursuant to Title 18, United States Code, Section 3014; and

    4.    A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

    5.    Possible ineligibility for certain Federal benefits.

D.    COUNT IV. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

    1.    A maximum 30 years in prison; and a mandatory minimum of 15 years;

    2.    A maximum $250,000 fine;

    3.    A mandatory special assessment of $100 per count; plus an additional special assessment of $50,000 and an additional $5,000 special assessment pursuant to Title 18, United States Code, Section 3014; and

    4.    A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

    5.    Possible ineligibility for certain Federal benefits.

E.  COUNT V. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 30 years in prison; and a mandatory minimum of 15 years;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; plus an additional special assessment of $50,000 and an additional $5,000 special assessment pursuant to Title 18, United States Code, Section 3014; and
4. A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A.  SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.  The parties agree that pursuant to U.S.S.G. §2G2.1(a), the Base Offense Level in this matter is 32.

2.  The parties agree that the offense involved a minor who had not attained the age of twelve, resulting in a four level increase from the Base Offense Level pursuant to U.S.S.G. §2G2.1(b)(1)(A).

3.  The parties agree that the offense involved commission of a sexual act or sexual contact, resulting in a two level increase from the Base Offense Level pursuant to U.S.S.G. §2G2.1(b)(2)(A).

4.  The parties agree that the knowingly engaged in distribution, resulting in a 2 level increase from the Base Offense Level pursuant to U.S.S.G. §2G2.1(b)(3).

5.  The parties agree that the minor victim, at the time of the offense, was in the custody, care, or supervisory control of the defendant, resulting in a two level increase from the Base Offense Level pursuant to U.S.S.G. §2G2.1(b)(1)(A).

6.  The parties further agree that the Special Instruction regarding more than one victim, pursuant to U.S.S.G. §2G2.1(d) will be used in calculating the Total Offense Level in this matter.

7.  All other sentencing adjustments pursuant to the Sentencing Guidelines are considered contested and will be determined by the Court at or prior to sentencing.

8   If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

9.  The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless whether that person or organization is a victim of the offense of conviction. As such, it is understood the Defendant will be ordered to pay restitution to the following persons or organizations:

> Any victims of the Defendant's criminal conduct, including but not limited to the persons identified as "Victims 1, 2, 3, 4 and 5."

The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B.  ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.  ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such

downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D. CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F. STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

        (a) As provided in Section I above, (if this is a conditional guilty plea); and

        (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

# VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JOSEPH P. KELLY
United States Attorney

_6-30-2020_
Date

STEVEN A. RUSSELL
ASSISTANT U.S. ATTORNEY

_6-30-20_
Date

TITUS J. MILLER
DEFENDANT

_6-30-20_
Date

DAVID R. STICKMAN
COUNSEL FOR DEFENDANT

12